UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. NOLE, | Case No. 2:25-cv-00470-CSK |
| Plaintiff, | ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT |
| v. | (ECF Nos. 8, 10, 11) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Steven D. Nole seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for disability insurance benefits and supplemental security income.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by substantial evidence. Plaintiff seeks a remand for further proceedings. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, Plaintiff's motion is DENIED, the Commissioner's cross-motion is GRANTED, and the final decision of the Commissioner is AFFIRMED.

/ / /

---

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) and proceeds on the consent of all parties. (ECF Nos. 4, 5.)

1

## I.    SOCIAL SECURITY CASES:  FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. §§ 404.929, 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

**Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.

**Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.

**Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.

**Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.

**Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review

of the Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II.     FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On October 8, 2021, Plaintiff Steven D. Nole applied for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging he has been disabled since December 15, 1965. Administrative Transcript ("AT") 91 (available at ECF No. 7). Plaintiff claimed disability due to hearing loss. *Id*. at 92. Plaintiff's applications were denied initially and upon reconsideration; he sought review before an ALJ. *Id*. at 107, 148, 172.

On May 31, 2024, the ALJ issued a finding that Plaintiff was not disabled. *Id*. at

19-38. At step one, the ALJ found Plaintiff engaged in substantial gainful activity from 1996 to 2011, 2013 to 2015, and 2018 to 2020. *Id*. at 24. However, the ALJ found that Plaintiff had not engaged in substantial gainful activity for at least one continuous twelve-month period and addressed these periods in the remaining findings. *Id*. at 25. At step two, the ALJ found that Plaintiff had the following impairments: sensorineural hearing loss and right shoulder impingement. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment and found that his combination of impairments did not meet or medically equal any listing. *Id*. at 26. (citing 20 C.F.R Part 404, Subpart P, Appendix 1). Relevant here, the ALJ considered Listing 1.18, abnormality of major joints in any extremity, and Listing 2.10, hearing loss not treated with cochlear implantation (6F). *Id*.

The ALJ then found Plaintiff had the residual functional capacity to perform medium work (20 CFR 404.1567(c)), except that Plaintiff could only: "occasionally perform overhead reaching; should avoid concentrated exposure to noise above the moderate level as defined in the DOT and its companion publications in regard to various noise levels." *Id*. In making his finding, the ALJ considered Plaintiff's symptom testimony, medical history, and prior administrative findings. *Id*.

Based on the residual functional capacity, the ALJ determined at step four that Plaintiff was not capable of performing past relevant work as a sales representative (Dictionary of Occupational Titles ("DOT") number 274.357-054) light performed as light, SVP 6, and as a chauffer (DOT number 913.663-010) light as performed at light, SVP 3.[2] *Id*. at 33. However, the ALJ determined Plaintiff was "capable of making a successful adjustment to other work that existed in significant numbers in the national economy. *Id*. at 34. The ALJ made these findings based on the vocational expert's testimony that Plaintiff would be capable of performing the requirements of occupations such as a

---

[2]   "SVP" is "specific vocational preparation," defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *See* DOT, App. C, § II, available at 1991 WL 688702.

change house attendant-janitor (DOT number 358.687-010) medium, SVP 2; a linen room attendant (DOT number 358.687-010) medium, SVP 2; and as a dining room attendant (DOT number 311.677-018) medium, SVP 2. *Id*.

## III.    ISSUES PRESENTED FOR REVIEW

Plaintiff only contests findings related to his sensoneural hearing loss. Plaintiff contends that the ALJ erred by failing to provide "clear, convincing, and well-supported reasons for discounting Plaintiff's allegations of hearing dysfunction," and for failing to "properly assess the prior administrative medical findings from consultative examiners, A. Dipsia, M.D. and D. Pancho, M.D." Pl. Mot. Summ. J. at 2 (available at ECF No. 8).

In contrast, Defendant argues that the ALJ adequately considered Plaintiff's testimony when assessing his residual functional capacity and accommodated the hearing limitations assessed by Drs. Dipsia and Pancho in his findings. Def. Mot. Summ. J. at 6, 11 (available at ECF No. 10).

## IV.    DISCUSSION

### A.    Plaintiff's Subjective Symptom Testimony

#### 1.    Legal Standards

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. *See, e.g., Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. *Albalos v. Sullivan*, 907 F.2d 871, 873-74 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." *Morgan v. Commissioner of Social Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999); *see also Lambert v. Saul*, 980 F.3d 1266, 1277-78 (9th Cir. 2020).

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including

aggravating factors, medication, treatment and functional restrictions. *See id*. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see generally* SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.

"Ultimately, the 'clear and convincing' standard requires an ALJ to show his work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). "This requires the ALJ to 'specifically identify the testimony [from a claimant] she or he finds to be not credible and … explain what evidence undermines the testimony." *Lambert*, 980 F.3d at 1277 (quoting *Treichler v. Comm. of Soc. Sec. Admin*., 775 F.3d 1090, 1102 (9th Cir. 2014)). Boilerplate statements and general summaries of the evidence, without more, are not enough. *Id*. at 1277-78. That said, an ALJ is not required "to perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Id*. at 1277. However, an ALJ's detailed overview of the claimant's medical history—coupled with a nonspecific boilerplate conclusion that her testimony is "not entirely consistent" with her medical treatment—is not enough to satisfy the minimal requirements for assessing credibility. *Lambert*, 980 F.3d at 1277-78.

### 2.    Analysis

Plaintiff alleges that the ALJ erroneously discounted Plaintiff's subjective symptom testimony "regarding his complete inability to hear on his left side, and problems hearing on his right side with background noise…" Pl. Mot. Summ. J. at 4. Plaintiff contends the ALJ erred by only relying on the medical evidence when analyzing Plaintiff's symptom statements and by providing an inadequate summary of the objective evidence of Plaintiff's hearing loss. *Id*.

In contrast, Defendant alleges that the ALJ's assessment of Plaintiff's subjective symptom testimony was reasonable and "supported an assessment of hearing limitations, just not the disabling hearing loss that Plaintiff alleged." Def. Mot. Summ. J.

at 6.

The ALJ found that Plaintiff's medically determinable impairments could "reasonably be expected to cause the alleged symptoms." AT 30. However, the ALJ found that Plaintiff's statements concerning "the intensity, persistence, and limiting effects of [his] symptoms [were] not entirely consistent with the medical evidence…" *Id*. While the ALJ appears to erroneously state Plaintiff has a hearing impairment in his right shoulder rather than right ear, he finds that Plaintiff functions with hearing aids, "conducts activities of daily living for himself," Plaintiff's three witnesses could communicate effectively with him, and Plaintiff showed an ability to work as noted in the ALJ's RFC. *Id*.

The ALJ also considered the testimony provided by witnesses John Callaghan, Michael Breault, and Mike Downs. *Id*. at 32. The ALJ found that Plaintiff "has issues understanding others if they are not speaking to him on the correct side." *Id*. Even though the witnesses' statements were found to be "generally consistent with [Plaintiff's] allegations," they were "not fully consistent with the overall record evidence for the same or similar reasons as [Plaintiff's testimony]." *Id*.

Finally, the ALJ found that despite Plaintiff's documented sensoneural hearing loss, Plaintiff's witnesses could not specify activities that Plaintiff could not do as a result of his disability. *Id*. The ALJ also noted that Plaintiff reported "good hearing in both ears" because of a new hearing aid on August 30, 2022. *Id*. The ALJ then added Plaintiff's physical activities established in the record, such as being the caretaker of his father, doing chores around the house, driving, and golfing once a month. *Id*. at 27, 32.

In summary, the ALJ specifically highlighted inconsistencies between Plaintiff's subjective testimony, the objective medical record, and witnesses' statements, including evidence that Plaintiff's condition improved with treatment. *Id*. at 30, 32. Therefore, the Court concludes that the ALJ provided clear and convincing reasons for discounting the full extent of Plaintiff's subjective symptoms and denies Plaintiff summary judgment on this issue and grants Defendant summary judgment on this issue.

**B.      Medical Opinion Evidence**

1.      Legal Standards

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC" (residual functional capacity). *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them").

The applicable rules provide that adjudicators for the Social Security Administration, including ALJs, evaluate medical opinions according to the following factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Supportability is the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations. 20 C.F.R. § 416.920c(c)(1). Consistency is the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources, including the claimants themselves. 20 C.F.R. §§ 416.920c(c)(2), 416.902(j)(1). The ALJ will articulate how he considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required except when deciding among differing yet equally persuasive opinions or findings on the same issue. 20 C.F.R. § 416.920c(b). The new regulations "still require that the ALJ provide a coherent explanation of his reasoning" and establish "a minimum level of articulation to be provided in determinations and decisions, in order to provide sufficient rationale for a reviewing adjudicator or court." *Sam-Chankhiao v. Kijakazi*, 2022 WL 4226170, at *3 (E.D. Cal. Sept. 13, 2022) (citing *Hardy v. Commissioner*, 554 F. Supp. 3d 900, 906

(E.D. Mich. 2021)).

2.    Analysis

Plaintiff alleges that the ALJ erred by not providing substantive evidence for rejecting the medical opinions of Drs. A. Dipsia, M.D. and D. Pancho, M.D. Pl. Mot. Summ. J. at 10-11. Plaintiff argues that although the ALJ found both doctors' opinions persuasive, the ALJ included a lesser limitation in the RFC findings "by limiting Plaintiff only to 'avoid concentrated exposure to noise above the moderate level as defined in the DOT…" *Id*. at 11 (citing AT 26). Plaintiff interprets the doctors' opinions as a restriction on "concentrated exposure to all noise" rather than just above the moderate level. *Id*. Plaintiff alleges that the term "concentrated exposure," is not a term that is defined in the regulations or the DOT. *Id*. at 12 (citation omitted). Plaintiff cites *Babick v. Comm'r of Soc. Sec*., which found that the vocational expert understood the limitation "avoid concentrated noise" to be a restriction *from* moderate noise rather than a restriction from noise above the moderate level. 2015 WL 50090604, at *4 (E.D. Cal. Aug. 20, 2015). Additionally, Plaintiff argues that the ALJ had "an affirmative duty under SSR 00-4p to resolve this apparent conflict before relying on the expert's testimony." *Id*. (citing *Lynn v. Astrue* 2009 WL 4785984, at *3 (S.D. Cal. Dec. 8, 2009)). By not doing so, nor explaining why he departed from the doctors' findings, Plaintiff argues the ALJ erred. *Id*. at 13.

Defendant argues that the ALJ's finding that Plaintiff needs to avoid concentrated noise above the moderate level was an "appropriate synthesis" of the Drs. Dipsia and Pancho's preclusion against concentrated exposure and of Dr. Shahid Ali's 2021 evaluation of Plaintiff assessing that he could work around "moderate office noise." Def. Mot. Summ. J. at 12 (citing AT 26, 104, 122, 1233). Therefore, this synthesis was an appropriate attempt by the ALJ to resolve ambiguities. *Id*. (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Additionally, Defendant cites *Gill*, which found that the ALJ accommodated state agency medical consultants' recommendations that plaintiff avoid "concentrated exposure" to noise. *Id*. (citing WL 1160500 at *9 (E.D. Cal. Mar 18,

9

2024)). In *Gill*, the ALJ then assessed a RFC finding that plaintiff cannot be exposed to noise above the moderate level. *Gill,* 2024 WL 1160500, at *2. While the court found that the ALJ erred evaluating hearing limitations assessed by plaintiff's treating provider, the court found that the ALJ effectively accommodated the state agency medical consultants' hearing restrictions in the RFC as well as finding that the plaintiff could not prove the error was harmful. *Id*. at 10. Defendant also cites to other authority within the Ninth Circuit finding "no inconsistency" between vocational expert testimony that a claimant could perform work requiring moderate noise when recommended a prohibition against concentrated noise. Def. Mot. Summ. J. at 13 (citing *Gorton v. Berryhill*, 2017 WL 4217249, at *2 (C.D. Cal. Sept. 23, 2017)).

The Court does not find that the ALJ deviated from the opinions of Drs. Dipsia and Pancho in its RFC findings. In his findings, the ALJ found both doctors persuasive "because they were supported by their explanation and review of available record and are consistent with the overall longitudinal record…" AT 31. Accordingly, the ALJ found that Plaintiff "should avoid concentrated exposure to noise above the moderate level." *Id*. at 26. The Court finds that issuing an RFC for Plaintiff to avoid noise above the moderate level is not a lesser limitation that requires a substantive basis analysis. *See Gill*, 2024 WL 1160500, at *10; *Gorton*, 2017 WL 4217249, at *2. The Court particularly finds the *Gill* case instructive, as like the ALJ in this instance, the ALJ in *Gill* was interpreting and accommodating opinions from state medical consultants to avoid concentrated exposure. *See Gill*, 2024 WL 1160500, at *10. The examples Plaintiff offers relate to the ALJ asking a hypothetical to a vocational expert or issuing a finding that the plaintiffs must avoid concentrated exposure to noise rather than apply or accommodate an outside opinion. *See Lynn*, 2009 WL 4795984, at *2; *Babick*, 2015 WL 5009064, at *3. "The ALJ is… responsible for solving ambiguities." *Andrews*, 53 F.3d, at 1039. Therefore, the Court finds that the ALJ did not err in formulating his RFC and denies Plaintiff summary judgment on this issue and grants Defendant summary judgment on this issue.

## V.    CONCLUSION

Having addressed all of the points of error raised by Plaintiff, the Court finds the ALJ's decision otherwise supported by substantial evidence in the record and free from legal error. *See Ford*, 950 F.3d at 1148 (noting that a district court may reverse only if the ALJ's decision "contains legal error or is not supported by substantial evidence").

**<u>ORDER</u>**

Accordingly, the Court ORDERS:

1.    Plaintiff's motion for summary judgment (ECF No. 8) is DENIED;

2.    The Commissioner's cross-motion (ECF No. 10) is GRANTED;

3.    The final decision of the Commissioner is AFFIRMED; and

4.    The Clerk of the Court is directed to CLOSE this case.

Dated:  March 27, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, nole.0470.25.ss